The Honorable Kenny A. Wilk State Representative, 42nd District Room 174-W, Capitol Building Topeka, Kansas 66612-1504
Dear Representative Wilk:
You inquire whether the Commissioner of Insurance has the authority, either in Chapter 12 or Chapter 40 of the Kansas Statutes Annotated, to regulate group-funded municipal pools (hereinafter pools). You also inquire whether the Commissioner has the authority to order the pools to require assessments to eliminate deficits, and, if such authority does exist, whether it includes the authority to makes assessments for prior years.
You indicate that the Commissioner has recently ordered several group-funded municipal pools to address their deteriorated financial conditions by ordering that the pool participants determine the amount of their deficit and immediately assess member school districts in order to eliminate any deficit. You question her authority to issue such orders.
Generally, municipal group-funded pools are governed by the Kansas municipal group-funded pool act, K.S.A. 12-2616 et seq. In addition to approving operation and providing a certificate of authority to operate, K.S.A. 12-2618, the Commissioner has authority to: require financial reports, K.S.A. 12-2620; approve premium contributions assessed against members, K.S.A. 1997 Supp. 12-2621; collect regulatory fees, K.S.A.12-2623; collect premium taxes, K.S.A. 12-2624; approve a bond for an admininistrator, K.S.A. 12-2627; prescribe types of audit and accounting systems, K.S.A. 12-2627; approve loans made by or to the pool, K.S.A.12-2627; and make recommendations toward a fiscally sound operation, K.S.A. 12-2629.
In answer to your first question the Commissioner has authority to regulate municipal group-funded pools as specified by statute, however not one of the statutes addresses the authority to issue the orders in question. The only specific statutory authority over the financial affairs of a group-funded municipal pool appears in K.S.A. 12-2620 which states in part:
 "Whenever the commissioner shall deem it necessary the commissioner may make, or direct to be made, an examination of the affairs and the financial condition of any pool, except that once every five years the commissioner shall conduct an examination of the affairs and the financial conditon of each pool. Each pool shall submit a certified independent audited financial statement no later than 90 days after the end of the fiscal year. The financial statement shall include outstanding reserves for claims incurred but not reported. Each pool shall file reports as to income, expenses and loss data at such times and in such a manner as the commissioner shall require."
Additionally the statute addresses the financial impairment of a pool and what recourses are available to the Commissioner.
 "Whenever it appears to the commissioner from such examination or other satisfactory evidence that the ability to pay current and future claims of any such pool is impaired, or that it is doing business in violation of any of the laws of this state, or that its affairs are in an unsound condition so as to endanger its ability to pay or cause to be paid claims in the amount, manner and time due, the commissioner shall before filing such report or making the same public, grant such pool upon reasonable notice a hearing, and if on such hearing the report be confirmed, the commissioner shall suspend the certificate of authority for such pool until its ability to pay current and future claims shall have been fully restored and the laws of the state fully complied with."
The statute also addresses the course of events which are authorized in the event the pool unreasonably delays in restoring the ability to pay claims.
 "The commissioner may, if there is an unreasonable delay in restoring the ability to pay claims of such pool and in complying with the law, revoke the certificate of authority of such pool to do business in this stae. Upon revoking any such certificate the commissioner shall communicate the fact to the attorney general, whose duty it shall be to commence and prosecute an action in the proper court to dissolve such pool or to enjoin the same from doing business in this state. The commissioner of insurance may call a hearing under K.S.A. 40-222b, and amendments thereto, and the provisions thereof shall apply to group-funded pools."
K.S.A. 12-2620 authorizes the Commissioner to examine the affairs and financial condition of any pool, but upon a finding of an unsound condition can take only the recourse of revocation of the certificate of authority and dissolution of the pool by the Attorney General.
It has been argued the Commissioner's authority over operating procedures authorizes the order in question. When approving operating procedures pursuant to K.S.A. 12-2618, the Commissioner requires the pools to include provisions requiring that the board of trustees assess members whenever deficits occur. However, the Act does not provide for any mechanism or authority to enforce the operating procedures which call for assessments when deficits occur. The Act authorizes the board of trustees of each pool to ensure the financial stability of the operations of each pool. K.S.A. 12-2627. To ensure the stability, the board of trustees has the authority to audit the accounts and records of the pool annually or at any time. K.S.A. 12-2627(c). The commissioner is involved in the audit because she prescribes the type of audits and uniform accounting system for use by the pool in order to determine the ability of the pool to pay current and future claims. K.S.A. 12-2627(c). However, the Act contains no mechanism by which to enforce these operating procedures against the board of trustees to mandate how the stability is to be achieved. We note, however, that there is a bill before the 1998 Legislature which, if passed, would authorize such orders as provided in K.S.A. 40-3605 to handle any insolvent group-funded pool in the same manner as that of an insolvent insurance company. 1998 House Bill No. 2638.
In conclusion, it is our opinion that while the Commissioner of Insurance has broad authority to regulate municipal group-funded pools as specified by statute, the Commissioner does not have the authority to order group-funded municipal pools to require assessments against their members in order to eliminate deficits.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm